# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 24, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| KEISHA L. STEPHENS, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 23-1869V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Motion to Dismiss; § 11(a)(5)(B). |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

Brian Robert Arnold, Brian R. Arnold & Associates, Richardson, TX, for Petitioner.
Madylan Louise Yarc, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION AND GRANTING RESPONDENT'S MOTION TO DISMISS[1]

On October 23, 2023, Keisha L. Stephens ("Stephens") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "Vaccine Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Stephens alleges that the influenza ("flu") vaccine she received on November 9, 2020, caused her to suffer anaphylactic shock resulting in "weakness, loss of muscle strength, difficulty walking, chest pain, difficulty breathing, shortness of breath, nausea, headache, dizziness[,] [] pain in her extremities and body generally, anxiety[,] and depression." Petition at 2-3 (ECF No. 1); Amended ("Am.") Petition at 2-3 (ECF No. 8).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program ("Program") is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

Respondent filed a motion to dismiss on December 31, 2024, asserting Stephens' claim lacked subject matter jurisdiction under § 11(a)(5)(B)[3] of the Vaccine Act "because [P]etitioner had a pending civil action for a vaccine-related injury at the time that this claim was filed." Respondent's Motion to Dismiss ("Resp. Mot."), filed Dec. 31, 2024, at 1 (ECF No. 40). For the reasons that follow, the undersigned **GRANTS** Respondent's motion to dismiss and **DISMISSES** Petitioner's petition.

## I.   RELEVANT HISTORY

Stephens filed two actions arising out of her November 9, 2020 flu vaccination. The first was a complaint (referred to by Stephens as a Petition) filed in the District Court of Denton County, Texas. The second was a petition filed in this Court under the Vaccine Act.

### A.   Court of Federal Claims Petition

On October 23, 2023, Stephens filed a petition in this Court. Petition.

Stephens filed an amended petition, medical records, and affidavits on January 17 and February 15, 2024. Am. Petition; Petitioner's Exhibits ("Pet. Exs.") 2-16. Additional medical records and affidavits were filed from August to October 2024. Pet. Exs. 17-30.

In the amended petition, Stephens seeks damages "resulting from the administration of the vaccine set out herein includ[ing], but [] not limited to, pain and suffering, mental anguish, disability, medical, prescription and therapeutic expenses, [and] lost wages and/or loss of wage earning capacity." Am. Petition at 5.

Respondent filed a motion to dismiss on December 31, 2024. Resp. Mot. Respondent argued Petitioner's claim lacks subject matter jurisdiction under § 11(a)(5)(B) of the Vaccine Act "because [P]etitioner had a pending civil action for a vaccine-related injury at the time that this claim was filed." Id. at 1.

On January 14, 2025, Petitioner filed a response and on January 21, 2025, Respondent filed his reply. Pet. Response to Resp. Mot. ("Pet. Response"), filed Jan. 14, 2025 (ECF No. 41); Resp. Reply to Pet. Response ("Resp. Reply"), filed Jan. 21, 2025 (ECF No. 42).

On January 23, 2025, the undersigned ordered Petitioner to file her jurisdictional affidavit under § 11(c)(1), a status report indicating the current status of Petitioner's civil action against the U.S. Department of the Army et. al., and a brief addressing the case law cited by Respondent by February 21, 2025. Order dated Jan. 23, 2025 (ECF No. 43); Order dated Jan. 23, 2025 (ECF No. 44).

---

[3] See § 11(a)(5)(B) ("If a plaintiff has pending a civil action for damages for a vaccine-related injury or death, such person may not file a petition under subsection (b) for such injury or death.").

Petitioner filed an amended affidavit on February 18, 2025.  Pet. Ex. 31.  On March 7, 2025, Petitioner filed an additional brief and status report.  Pet. Brief in Support of Pet. Response ("Pet. Br."), filed Mar. 7, 2025 (ECF No. 49); Pet. Status Rept., filed Mar. 7, 2025 (ECF No. 48).

This matter is now ripe for adjudication.

**B.      United States District Court "Petition"**

On February 15, 2023, approximately eight months before filing this Vaccine Program petition, Stephens filed a petition (hereinafter "complaint") in the District Court of Denton County, Texas, against the U.S. Department of the Army and a number of other defendants.  Resp. Mot., Ex. A at 9.  The case was later removed to the Sherman Division of the United States District Court for the Eastern District of Texas on April 7, 2023.  Id. at 1-4.

The complaint alleged (1) wrongful termination under the Family and Medical Leave Act ("FMLA"), (2) medical malpractice, and (3) falsification of a federal employee employment record.  Resp. Mot., Ex. A at 9 (emphasis omitted).  Stephens alleged that the defendants' actions and refusals to acknowledge her "Private Physician/Private Provider Orders" directly and proximately caused injury.  Id.  She named Dr. William A. Thomas (and also referenced nurse Michael A. King, RN), and sought "1,000,000.00 one million dollars and zero cents" for medical malpractice for failure to honor her providers' orders to prevent an "adverse life/threatening event," alleging Dr. Thomas gave "a direct order to administer a medication with knowledge that it would cause harm."  Id. at 10.  Stephens alleged that Dr. Thomas "had a duty to protect [her] from harm and injury" and that nurse King likewise failed to acknowledge her providers' orders and to notify Risk Management, the Base Commander, and the "Immunization Hot-Line."  Id.  Regarding her claim for medical malpractice, Stephens sought damages for "[c]ompensatory, [s]uffering, [e]motional [d]istress[,] and [p]ain."  Id. at 10-11.

The alleged facts tie the alleged malpractice to the same flu vaccination at issue here.  Petitioner alleged she sought and documented an exemption from flu vaccination before November 2020, submitting, among other things, urgent care notes dated November 24, 2019 and November 5, 2020 stating she should be permanently excused from the flu shot due to a serious allergic reaction.  Resp. Mot., Ex. A at 17-18.

On October 20, 2020, she submitted a written exemption request to nurse King citing a prior "adverse reaction in Thimerosal" and attached provider documentation.  Resp. Mot., Ex. A at 19.  On October 26, 2020, she emailed Brandon J. Pretlow, Col. U.S. Army Medcom EAMC, to report that Occupation Health had declined her provider exemption letter despite her hiring with an exemption and her 27-year history of not receiving the flu vaccine.  Id. at 23, 56.  Stephens then alleged she received the flu vaccination on November 9, 2020 "under duress," and immediately developed "[n]ausea, [n]umbness, [t]ingling[,] and [s]evere [h]eadache," and ultimately sought urgent and emergency care that day.  Id. at 55-56.  A return-to-work note from urgent care reflects she was seen November 9, 2020 and cleared to return to work on November 12, 2020.  Id. at 30.

3

United States Attorney J. Kevin McClendon moved to dismiss for lack of jurisdiction on August 29, 2024. Resp. Mot., Ex. B at 1-13. Petitioner filed a response on November 1, 2024, defendants responded on November 8, 2024, and Petitioner thereafter filed a pro se motion for voluntary dismissal without prejudice on February 24, 2025. Pet. Br., Ex. A at 3. On March 6, 2025, Chief Judge Amos L. Mazzant dismissed the case without prejudice. Id.

## II.  LEGAL STANDARDS TO DISMISS FOR LACK OF JURISDICTION

Although the Vaccine Act and the Vaccine Rules contemplate case dispositive motions, the dismissal procedures included within the Vaccine Rules do not specifically include a mechanism for a motion to dismiss. See § 12(d)(2)(C)-(D); Vaccine Rule 8(d); Vaccine Rule 21(c). However, Vaccine Rule 1 provides that for any matter not specifically addressed by the Vaccine Rules, the special master may regulate applicable practice consistent with the rules and the purpose of the Vaccine Act. Vaccine Rule 1(b). Vaccine Rule 1 also provides that the Rules of the Court of Federal Claims ("RCFC") may apply to the extent they are consistent with the Vaccine Rules. Vaccine Rule 1(c).

Before reaching the merits of any petition, the Court must determine that jurisdiction exists. "Jurisdiction is the power to declare the law," and where jurisdiction is lacking, the Court's "only function" is to identify that fact and dismiss the case. Ex parte McCardle, 74 U.S. 506, 514 (1868); see United States v. Cotton, 535 U.S. 625, 630 (2002) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.").

The Vaccine Act imposes specific jurisdictional filing requirements. It prohibits filing a civil action against a vaccine administrator or manufacturer "for damages arising from a vaccine-related injury or death" unless the claimant has first pursued a Vaccine Program petition to judgment or proper termination. § 11(a)(2)(A).[4] If a civil action is filed first, the civil court "shall dismiss the action," and if a Vaccine Program petition is then filed within one year of that dismissal, the date of the dismissed civil action is deemed the Vaccine Program filing date for statute of limitations purposes. § 11(a)(2)(B).[5]

---

[4] See § 11(a)(2)(A) ("No person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of a vaccine . . . .").

[5] See § 11(a)(2)(B) ("If a civil action which is barred under subparagraph (A) is filed in a State or Federal court, the court shall dismiss the action. If a petition is filed under this section with respect to the injury or death for which such civil action was brought, the date such dismissed action was filed shall, for purposes of the limitations of actions prescribed by section 300aa-16 of this title, be considered the date the petition was filed if the petition was filed within one year of the date of the dismissal of the civil action.").

4

Under the Vaccine Act and most pertinent here, if a petitioner "has pending a civil action for damages for a vaccine-related injury or death, such person may not file a petition" in the Vaccine Program "for such injury or death." § 11(a)(5)(B).

The Federal Circuit has repeatedly held that this provision of the Act is jurisdictional, and that Vaccine Act jurisdiction "is determined at the time of filing." Rivera ex rel. Matos v. Sec'y of Health & Hum. Servs., 35 F.3d 1549, 1553 (Fed. Cir. 1994); see also Zavala v. Sec'y of Health & Hum. Servs., No. 03-1337V, 2006 WL 5616331, at *4 (Fed. Cl. Spec. Mstr. Jan. 18, 2006). When a Program petition is filed while a civil action "for a vaccine-related injury" is pending, the special master lacks jurisdiction and must dismiss the petition. Flowers v. Sec'y of Health & Hum. Servs., 49 F.3d 1558, 1559-62 (Fed. Cir. 1995) (construing § 11(a)(5)(B) "to prohibit the filing of any Vaccine Act petition in which the petitioner has a co-pending civil action" and affirming dismissal even when the state civil action was dismissed during pendency of the Vaccine Act petition); see also Aull ex rel. Aull v. Sec'y of Health & Hum. Servs., 462 F.3d 1338, 1344 (Fed. Cir. 2006); Weddel ex rel. Weddel v. Sec'y of Health & Hum. Servs., 23 F.3d 388, 393 (Fed. Cir. 1994) (explaining Congress's directive that "a petitioner must petition to have his or her [civil] action dismissed and may not simply allow the action to lie dormant during the [Vaccine Act] proceeding"); Simpson v. Sec'y of Health & Hum. Servs., No. 12-737V, 2013 WL 388993, at *2 (Fed. Cl. Spec. Mstr. Jan. 7, 2013); Zavala, 2006 WL 5616331, at *4.

Because the § 11(a)(5)(B) bar is jurisdictional, neither the special master nor the Court may waive it or permit a post-filing cure simply to reach the merits. See Ling v. Sec'y of Health & Hum. Servs., 145 Fed. Cl. 778, 784 (2019) (noting "jurisdictional requirements of the Vaccine Act may not be the subject of a discretionary waiver"); Flowers, 49 F.3d at 1561 (treating a Vaccine Act petition filed one day after a civil state complaint as a nullity). Thus, where a Vaccine Act petition is filed at a time when a civil action "for damages for a vaccine-related injury or death" remains pending, the Vaccine Act and RCFC 12(b)(1) require dismissal. The petitioner's remedy lies in § 11(a)(2)(B), which permits refiling a Vaccine Program petition after dismissal of the civil action and relates the statute of limitations date back to the civil action; it does not confer jurisdiction over a petition filed during co-pendency. See Flowers, 49 F.3d at 1559; Matos, 35 F.3d at 1553; Ling, 145 Fed. Cl. at 784.

## III.   PARTIES' CONTENTIONS

### A.   Respondent's Contentions

Respondent moves to dismiss for lack of subject-matter jurisdiction under § 11(a)(5)(B), arguing Stephens filed this Vaccine Program case while she "had a pending civil action for a vaccine-related injury at the time this claim was filed." Resp. Mot. at 1. Respondent emphasizes the statute's bar on bringing a civil action "against a vaccine administrator or manufacturer in a State or Federal Court for damages arising from a vaccine-related injury . . . unless a [Vaccine] petition has been filed." Resp. Reply at 1 (quoting § 11(a)(2)(A)).

Respondent contends Stephens' Texas lawsuit expressly includes a medical malpractice claim against the physician and nurse associated with the November 9, 2020 vaccination and seeks tort damages, bringing it directly within § 11's "civil action for damages for a vaccine-

5

related injury" language. Resp. Reply. at 2-3, 5. Respondent notes that Stephens' characterization of the suit as employment-related matter completely "ignores the claim for medical malpractice pled in her civil action filed against the U.S. Army et al." Id. at 2.

Case law authority confirms the prohibition applies when petitioners sue health care providers alleging vaccination related negligence. Resp. Reply at 4-5. Relying on Federal Circuit precedent, Respondent argues medical malpractice suits arising from vaccination trigger the statutory bar requiring dismissal of subsequently filed Vaccine Program petitions. Id. at 2 (citing Aull, 462 F.3d 1338 (dismissing petitioners' vaccine claim where petitioners first filed a civil action in state court against physicians for post-vaccination medical malpractice); Amendola ex rel. Amendola v. Sec'y of Health & Hum. Servs., 989 F.2d 1180 (Fed. Cir. 1993) (dismissing petitioners' vaccine claim where petitioners previously filed a civil action in state court against the physician who administered the vaccine for medical malpractice). Respondent further points to Massing to show that courts recognize agency and vicarious liability relationships between physicians and administering personnel, so a claimant need not name the individual vaccine administrator to fall within the statute's "vaccine administrator" language. Id. at 4-5 (citing Massing v. Sec'y of Health & Hum. Servs., 926 F.2d 1133 (Fed. Cir. 1991)).

Respondent clarifies that the fact that "[Stephens'] pending civil action is [] time-barred under the [Federal Tort Claims Act ("FTCA")]" does not alter the Vaccine Act analysis. Resp. Reply at 3. Stephens filed an administrative claim on March 18, 2021 but did not commence a lawsuit "within six months after denial of the administrative claim," thereby making her civil medical malpractice claim time-barred. Id. This does not negate the fact that Stephens had previously filed a medical malpractice claim related to the November 2020 flu vaccine administration as part of her civil action. Id. Respondent explains that when Stephens filed her Vaccine petition in this Court on October 23, 2023, her civil action remained active and pending in the Eastern District of Texas. Resp. Mot. at 4. And under the Vaccine Act, "the jurisdiction of the Court of Federal Claims is determined at the time of filing" the petition. Resp. Reply at 3 (quoting Matos, 35 F.3d at 1553).

Respondent concludes that dismissal of the civil action after a Vaccine Program petition has already been filed does not cure the jurisdictional defect. Resp. Mot. at 5. Respondent maintains that any post-filing dismissal of the district-court case (which Stephens reports occurred on March 6, 2025) cannot retroactively provide jurisdiction here. Id. On these grounds, Respondent urges the Special Master to grant the motion and dismiss for lack of jurisdiction under § 11(a)(5)(B). Id. at 1.

### B.  Petitioner's Contentions

Stephens opposes dismissal and maintains that this Court has jurisdiction to adjudicate her Vaccine Act claim arising from the November 9, 2020 flu vaccination. Pet. Response at 4-5. In her Vaccine petition, she alleges she suffered anaphylaxis and multiple sequelae consisting of weakness, gait difficulty, chest pain, dyspnea/shortness of breath, nausea, headache, dizziness, diffuse pain, anxiety, and depression as a result of the November 2020 flu vaccination. Petition at 3. And in the Vaccine petition, Stephens seeks compensation for "pain and suffering, mental anguish, disability, medical, prescription and therapeutic expenses, [and] lost wages and/or loss

6

of wage earning capacity." Id. at 5; Am. Petition at 5.  Stephens filed her Vaccine Program petition on October 23, 2023.  Petition at 1.

First, Stephens argues the civil action she filed in Texas is not a "civil action for damages for a vaccine-related injury" within the meaning of § 11(a)(5)(B).  Pet. Response at 4.  Instead, she characterizes the Texas lawsuit (removed to the Eastern District of Texas) as principally an employment dispute, alleging wrongful termination and "negligent acts . . . related to forcing Petitioner to get a flu vaccine," and "not [for] the injuries Petitioner suffered from the vaccine." Id. at 4-5.  Stephens urges her civil case did not specifically allege vaccine-related injuries, and as such, she should be allowed to proceed wither vaccine petition.  Pet. Br. at 4-8.

Second, Stephens underscores that, as a federal employee, she pursued administrative remedies through The Federal Employees' Compensation Act ("FECA").  Pet. Response at 3.  Importantly, she received a letter from an Army legal representative, dated May 12, 2021, advising her that her FECA claim would be "held in abeyance" until she "receive[s] a determination through [the Vaccine Injury Compensation Program ("VICP")]." Id. at 3-4; Pet. Response, Ex. B at 2.  Stephens states she relied on this government instruction and "sought to file a vaccine injury claim for her vaccine related injury through the VICP."  Pet. Response at 4; Pet. Br. at 3.  Stephens emphasizes that the Army's abeyance directive demonstrates the intended sequence: determination of VICP first, then other federal remedies after the Vaccine Program's determination.  Pet. Response at 4; Pet. Br. at 2-3.

Third, Stephens notes that the district court case has now been dismissed without prejudice (March 6, 2025) at her request, invoking the tolling provision of § 11(a)(2)(B) to refile the Vaccine Act petition within one year of the state court dismissal.  Pet. Br. at 7-8.  Stephens argues this development supports denying the motion to dismiss and allowing her to proceed with this vaccine claim.  Id. at 8.

Stephens asks the Special Master to deny Respondent's motion and permit this case to proceed on the merits.  Pet. Br. at 10.  If the Special Master nevertheless concludes that jurisdiction is measured strictly as of the Program filing date and was therefore lacking, Stephens requests that dismissal be without prejudice, and that the order expressly recognize her statutory right per § 11(a)(2)(B) to file a new Program petition within one year of the civil action's dismissal.  Id. at 8-9.

IV.   ANALYSIS

In § 11, Congress declared a Vaccine Program first rule with a bar on co-pendency.  Section 11 of statute explains "[n]o person may bring a civil action for damages . . . against a vaccine administrator or manufacturer . . . for damages arising from a vaccine-related injury or death . . . unless a petition has been filed" in the Program.  § 11(a)(2)(A).  And "[i]f a civil action which is barred . . . is filed . . . the court shall dismiss the action," while allowing the petitioner to preserve timing if she files a Vaccine Program petition within one year after the dismissal of the civil action.  § 11(a)(2)(B).  Importantly, "[i]f a plaintiff has pending a civil action for damages for a vaccine-related injury or death, such person may not file a petition" in the Vaccine Program.  § 11(a)(5).  The Federal Circuit reiterated in Flowers that the plain reading of § 11(a)(5)(B)

precludes a petitioner from filing a Vaccine Act petition when said petitioner had a pending civil action at the time of filing a Vaccine Program petition. Flowers, 49 F.3d at 1560. Further, "jurisdictional requirements under the Vaccine Act may not be the subject of a discretionary waiver, even if . . . such waiver would facilitate a more expeditious resolution." Ling, 145 Fed. Cl. at 784.

The court in Flowers affirmed dismissal "because when she filed her Vaccine Act petition, [the Petitioner] had pending a civil action involving the same vaccine-related injury," and held the petition "was . . . a nullity," despite the later dismissal of state civil case. Flowers, 49 F.3d at 1559-61. In Weddel, the court read the provisions of § 11 together and explained that they create "a jurisdictional window bounded by a statute of limitations on one side and an anti-copendency provision on the other," meaning a claimant "can opt-in to the no-fault federal compensation program . . . but not until the state court action is dismissed." Weddel, 23 F.3d at 392-93.

Two points from these precedents directly address the issues faced by Stephens here. First, a civil action can trigger § 11(a)(5)(B) even when it claims medical malpractice rather than a pure vaccine administrator/manufacturer tort. The Federal Circuit in Aull had "no difficulty in concluding that any resulting injury from the vaccine is vaccine-related" where the complaint alleged negligent treatment of post-vaccination conditions and petitioner's theory tied the harm to the vaccine's effects. Aull, 462 F.3d at 1343. The alleged post-vaccination medical malpractice claim in Aull still fell within § 11 because it sought "damages for a vaccine-related injury." Id. Secondly, dismissal of the civil case after the filing of a Vaccine petition does not retroactively vest jurisdiction. The court in Flowers called the prematurely filed Program petition a "nullity," and Weddel stated that holding otherwise would "read [§ 11(a)(5)(B)] out of the statute." Flowers, 49 F.3d at 1561; Weddel, 23 F.3d at 393.

Applied to Stephens, the facts align with this authority. Stephens filed a civil action in Texas on February 15, 2023, which was later removed to the Eastern District of Texas. Pet. Response at 4. In that action, she alleged "wrongful termination under [FMLA], medical malpractice, and falsification of federal employee employment record." Resp. Mot., Ex. A at 9. Stephens sought damages for "suffering, emotional distress, and pain" caused by the "irreversible injury" arising out of the November 9, 2020 vaccination. Id. at 10-11.

Under Aull, this is a "civil action for damages for a vaccine-related injury." Aull, 462 F.3d at 1343. That action remained pending on October 23, 2023, the date she filed this Vaccine Program petition. Under Flowers, a petition filed during such copendency is "a nullity." Flowers, 49 F.3d at 1561. Stephens' subsequent voluntary dismissal on March 6, 2025 cannot "cure" the original defect. Matos confirms that a court "cannot supply an order which in fact was not previously made," and "the jurisdictional defect . . . cannot be cured by a *nunc pro tunc* order." Matos, 35 F.3d at 1553. Nor can the court waive the bar for efficiency or equity, because, again, per Ling, "jurisdictional requirements under the Vaccine Act may not be the subject of a discretionary waiver." Ling, 145 Fed. Cl. at 784.

Petitioner additionally argues that her claim should not be barred because she filed a claim under FECA, 5 U.S.C. § 8101, and was advised by an Army legal representative that her

8

FECA claim would be held in abeyance pending a determination through the Vaccine Program. Petitioner contends she relied on this directive and filed her Vaccine Act petition in good faith.

While the undersigned acknowledges Petitioner's reliance on her employer's instruction, the existence of a FECA claim does not alter the jurisdictional outcome under § 11(a)(5)(B). FECA operates as a federal workers' compensation scheme providing compensation to federal employees who suffer personal injury in the performance of duty. 5 U.S.C. § 8102(a). When an injury is covered by FECA, "[that] remedy is exclusive of any other remedy, including the FTCA." White v. U.S., 143 F.3d 232, 234 (1998) (citing Bailey v. United States, 451 F.2d 963, 965 (5th Cir. 1971)).

Here, Petitioner's FECA filing, whether pending or abated, does not create an exception to the Vaccine Act's jurisdictional bar. The Vaccine Act and FECA serve distinct statutory purposes and contain separate jurisdictional frameworks. The dispositive inquiry under § 11(a)(5)(B) is whether a "civil action for damages for a vaccine-related injury" was pending when the Vaccine Act petition was filed. Because Petitioner's medical malpractice civil action remained active on October 23, 2023, the existence or procedural status of her FECA claim cannot vest this Court with jurisdiction. See Ling, 145 Fed. Cl. 784 (noting "jurisdictional requirements under the Vaccine Act may not be the subject of a discretionary waiver"). Accordingly, Petitioner's FECA-related argument does not affect the result here.

The provisions in § 11 do not prevent petitioners from accessing the Program. It simply enforces Congress's order of operations to first dismiss the civil action, then file under the Vaccine Program, at which point § 11(a)(2)(B) preserves timeliness by "allow[ing]" petitioners to keep the benefit of the civil action's filing date if the Program petition is filed within one year of the dismissal. See Flowers, 49 F.3d at 1562 ("Our construction of the § 300aa-11(a)(5)(B) 'gatekeeping' provision in no way undermines the ability of a petitioner . . . to dismiss [the civil] action without adverse consequence" because § 11(a)(2)(B) permits "a Vaccine Act petitioner [to] retain the benefit of the filing date of her dismissed *civil* action for the purposes of the statutory limitations period, if she files the petition within one year of the date of the dismissal of that action").

## V.     CONCLUSION

For the reasons set forth above, the Court concludes it lacks subject-matter jurisdiction under § 11(a)(5)(B) because Stephens filed this Vaccine Act petition while a civil action for the same vaccine-related injuries remained pending. Respondent's Motion to Dismiss is therefore **GRANTED**. The petition, filed October 23, 2023, is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

In the absence of a timely filed motion for review pursuant to Vaccine Rule 23, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>

9

                                                  Nora Beth Dorsey
                                                  Special Master